# United States District Court

### WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**IDRIS SMITH**

### ORDER OF DETENTION PENDING TRIAL

Case Number: 1:09-CR-13

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☒ (1) There is probable cause to believe that the defendant has committed an offense
    - ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq
    - ☐ under 18 U.S.C.§924(c).
- ☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 35 years old and resides with his disabled mother in Lansing, MI.  He is unemployed and has no assets, although he has earned a couple hundred dollars this winter shoveling snow.  He smokes marijuana on a weekly basis.

Defendant's criminal record shows that he has had five convictions over the past decade.  In 2000 he was convicted of possession of cocaine and placed on probation.  He violated his probation when he was convicted of delivery/manufacturing more drugs and was sentenced to 2 to 4 years in prison on the original charge (continued on next page)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

no condition or combination of conditions will assure the safety of the community due to the likelihood that defendant will continue to traffic in drugs even if he is released on court supervision.  This finding is based on the unrebutted presumption, and independently on the basis that he has been repeatedly involved with selling drugs while on parole/probationary status. (continued on next page)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 4, 2009

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **IDRIS SMITH**
1:09-CR-13
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

and 2 to 20 years on the subsequent charge. It appears that while defendant was on probation for the first charge and prior to being sentenced for the second charge, he failed to appear for an arraignment on a DWLS charge twice, resulting in a bench warrant. He was arrested in another county and posted bond, but failed to appear for a third arraignment and a new warrant was issued.

Within 3 months of his parole from prison on the delivery charge on August 14, 2007, defendant was arrested for domestic violence, given a 30-day jail sentence, and placed on probation for two years. Defendant violated this probation on a number of occasions, principally by using drugs. He first violated probation on April 7, 2008 by testing positive for cocaine and marijuana. Two weeks later he violated probation again by testing positive for the same two drugs. On June 11, 2008, he violated probation a third time by testing positive for the use of alcohol during the course of reporting to his probation officer. He was tested at .024 %. On August 11, 2008, defendant was found guilty of violating his probation for the fourth time after testing positive for cocaine on four occasions within a two-week period, and also for failing to attend Alcoholics Anonymous, and also for providing forged verification sheets.

During the same probationary period, defendant was involved with four controlled sales of cocaine involving an undercover FBI agent. As part of that investigation, defendant was arrested on a warrant on January 29, 2009, at which time 7 grams of cocaine was found in the vehicle he was driving, and near the driver's seat, packaged in two eight-ball sales amounts. He residence was searched and more marijuana was found. The FBI also recorded another sale of drugs by defendant to one of his former colleagues, who had become a confidential informant for the FBI. (It does not appear this latter sale took place while defendant was on probation.)

**Part II - Written Statement of Reasons for Detention** - (continued)

It also appears that the presumption that defendant would fail to appear for court proceedings has also not been rebutted.